IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC CONKLIN,<br>    Plaintiff,<br>    v.<br>CORTEVA, INC., *et al.*,<br>    Defendants. | 7:23-cv-01114-D-RN |
| BEVERLY BROWN, *et al.*,<br>    Plaintiffs,<br>    v.<br>CORTEVA, INC., *et al.*,<br>    Defendants. | 7:23-cv-01409-D-RN |
| PAGE RITCHIE, *et al.*,<br>    Plaintiffs,<br>    v.<br>CORTEVA, INC., *et al.*,<br>    Defendants. | 7:23-cv-01465-D-RN |
| BERDIE E. BOONE, *et al.*,<br>    Plaintiffs,<br>    v.<br>CORTEVA, INC., *et al.*,<br>    Defendants. | 7:23-cv-01473-D-RN |
| AMY GODWIN, *et al.*,<br>    Plaintiffs,<br>    v.<br>CORTEVA, INC., *et al.*,<br>    Defendants. | 7:23-cv-01500-D-RJ |

| | |
|---|---|
| **DEVON BARTHOLOMEW**, *et al.*, <br> Plaintiffs, <br> *v.* <br> **CORTEVA, INC.**, *et al.*, <br> Defendants. | 7:23-cv-01592-D-KS |
| **STEVEN AARON**, *et al.*, <br> Plaintiffs, <br> *v.* <br> **CORTEVA, INC.**, *et al.*, <br> Defendants. | 7:23-cv-01599-D-RN |
| **CONSTANCE BAKER**, *et al.*, <br> Plaintiffs, <br> *v.* <br> **CORTEVA, INC.**, *et al.*, <br> Defendants. | 7:23-cv-01666-D-BM |

## PARTIES' JOINT

## CASE MANAGEMENT ORDER CONCERNING PLAINTIFFS' DECLARATIONS ON ALLEGED INJURIES AND PROXIMATE CAUSATION

On February 14, 2025, Defendants moved for entry of a case management order requiring Plaintiffs to submit declarations concerning their alleged injuries and proximate causation (Doc 55) and filed a Memorandum in Support (Doc. 56). On March 17, Plaintiffs filed a Response on Opposition (Doc. 57). On March 31, 2025, Defendants filed a Reply (Doc. 58). On May 14, 2025, this Court granted Defendants' motion and ordered Plaintiffs to file propose revisions to Defendants' proposed case management order not later than May 30, 2025, ordered Defendants to reply not later than June 6, 2025. Alternately, this Court ordered that the parties may submit a joint case management order not later than May 30, 2025. Pursuant to Federal Rule of Civil Procedure 1, in order to promote the efficiency of discovery in these and related actions, and in lieu of entering

separate Discovery Orders in each of these cases under Rule 26(f), the Court concludes that the following Case Management Order is appropriate:

**I.  Scope of Order**

a.  This Order applies to all Plaintiffs and their counsel in the above-captioned cases only. No additional cases may be included in this Pretrial Coordination Order absent the consent of all parties or further order of the Court.

b.  This Order shall not limit or otherwise affect the procedures or timing of any additional discovery (including depositions) beyond that which is described herein except as otherwise agreed by the parties or so ordered by the Court.

**II.  EXPERT DECLARATIONS**

a.  Within 270 days of this Order, each Plaintiff shall serve upon Defendants a declaration from one or more witnesses reasonably expected to qualify to provide expert opinion testimony under Rule 702 of the Federal Rules of Evidence supporting that Plaintiff's claimed damages and/or injuries.

   i.  The declaration shall provide background concerning the witness, such as specialized training, experience, or similar, that supports the reasonable expectation that the witness will be qualified to provide expert opinion testimony under Rule 702 of the Federal Rules of Evidence.

   ii.  The declaration shall state that, based on the witness's physical examination and/or review of records, the witness is prepared to testify that Plaintiff incurred the claimed damages and/or injuries as a result of acts or omissions by Defendants.

3

iii.   The declaration shall be signed under oath and/or under penalty of perjury by the expert.

iv.   No expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be required at the time of the declaration, but will be required at a later date pursuant to the scheduling order applicable to that Plaintiff.

b. **Notice of Delinquent Declaration:** If any Defendant believes that a declaration as to any Plaintiff under this Order is past due or materially incomplete in any respect, then that Defendant's counsel shall send written notice via email to the subject Plaintiff's counsel allowing such Plaintiff an additional twenty-one (21) days to serve an expert declaration that is substantially complete in all respects. Upon receipt of such notice, counsel for the subject Plaintiff shall promptly confer with defense counsel and state the reason for failure to provide the declaration or to provide a materially complete declaration. If a completed and verified declaration is not served within the twenty-one (21) days following written notice via email (as described above), Defendant(s) may file a motion to dismiss that Plaintiff's claims and the subject Plaintiff shall have fourteen (14) days to respond to that motion with a showing of good cause for their failure to submit the requisite declaration. If the subject Plaintiff is unable to establish good cause following Defendants' presentation of evidence that he or she has failed to timely provide a sufficient declaration, the Court may dismiss that Plaintiff's claims against Defendants with prejudice.

The remaining portions of the Court's prior Case Management Order shall remain in effect. SO ORDERED. This the 5 day of June, 2025.

JAMES C. DEVER III
United States District Judge